UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD LAVERN WEBB,<br><br>                     Petitioner,<br>    v.<br>BRAD POPE, *et al.*,<br><br>                     Respondents. | Case No. 3:25-cv-00127-MMD-CSD<br><br>ORDER |

**I.     SUMMARY**

This habeas matter is before the Court for initial review of Petitioner Donald Lavern Webb's *pro se* petition for writ of habeas corpus (ECF No. 1-1 ("Petition")) under the rules governing § 2254 cases.[1] The Court concludes that the Petition is subject to multiple substantial defects and summarily dismisses the Petition.

**II.    DISCUSSION**

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

    **A.     Failure to Pay Filing Fee or File an IFP Application**

Webb submitted the Petition, but he did not pay the $5 filing fee or submit a complete *in forma pauperis* ("IFP") application. Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5 filing fee is required to initiate a habeas action

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts.

in a federal district court. The Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

### B.  *Younger* Abstention

The comity-based *Younger* abstention doctrine prevents federal courts from interfering with pending state court criminal proceedings by granting injunctive or declaratory relief, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are irreparable only if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *See Younger*, 401 U.S. at 46.

*Younger* generally requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings if three conditions are met: (1) state judicial proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Superior Ct. of State of Cal. for Cnty. of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994).

The Court finds that the criteria for *Younger* abstention are met here. First, there is an ongoing state-court criminal prosecution against Webb in the Third Judicial District

Court for Clark County, Nevada. *See State of Nevada v. Webb*, Case No: 23-CR-1659. Second, the state proceedings are judicial in nature and implicate important state interests, namely administering the criminal justice system. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").

In addition, there is no indication that Webb will be unable to raise his federal constitutional concerns in the ongoing state proceedings. Webb's pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights. Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which make this a regular occurrence, not an extraordinary occurrence. Because he faces no extraordinary or irreparable injuries, federal abstention is required at this time.

### C. Exhaustion

Webb has not alleged or demonstrated that he properly and fully exhausted his state court remedies. A state defendant seeking federal habeas relief must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *See, e.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764-67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

///

Webb has not properly and fully exhausted his state court remedies because he has not presented the claims alleged in his federal habeas petition to the state district court, much less the Nevada appellate courts. Dismissal of Webb's Petition without prejudice is appropriate on this basis alone.

### D.     28 U.S.C. § 1983 Claim

Federal law provides two main avenues to relief for legal challenges to incarceration: (1) a petition for writ habeas corpus, 28 U.S.C. §§ 2241, 2254, 2255; and (2) a civil rights complaint, 28 U.S.C. § 1983. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016). Such claims must be brought, if at all, under § 1983. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint. *See id*. at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979)).

In Ground 2, Webb asserts that he is the caregiver to his wife and that he has been in medical segregation while he has been in custody. (ECF No. 1-1 at 5-6.) It appears that his allegations are of the nature of prisoner civil rights claims. If he were to succeed on this claim, it would only mean that his conditions of confinement would change. He would not be released from custody any sooner. Because success on Webb's claim would not lead to his immediate or speedier release, it does not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint.

To the extent Webb is asserting a prisoner civil rights claim, the Court declines to recharacterize Webb's petition as a civil rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. *See Nettles*, 830 F.3d at 935-36. However, habeas actions and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal

without prejudice of his petition for habeas corpus." *Id*. In this case, the petition is not amenable to conversion on its face based on the differences between habeas and civil rights cases and because it is not clear whether recharacterization would disadvantage Webb. The Court therefore dismisses the petition without prejudice and instructs the Clerk of the Court to send Webb the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

Accordingly, the Court denies the Petition and dismisses this action.

### III. CONCLUSION

It is therefore ordered that Petitioner's petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254 is denied and this action is dismissed without prejudice.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

The Clerk of Court is further directed to send Webb (1) a blank form IFP application for incarcerated litigants along with instructions; (2) a copy of this order; and (3) the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 4th Day of April 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE